CHARLES J. OFF et al.

v.

WILLIAM JACK et al.

*Opinion filed October 26, 1903.*

1. CORPORATIONS—*director may enforce bona fide judgment against corporation.* A director of a corporation having a judgment against the corporation, obtained in good faith upon a *bona fide* indebtedness, may pursue the remedies afforded by law to enable him to collect the same.

2. EVIDENCE—*party charging fraud and collusion must prove same.* One alleging fraud and collusion between a director and the president of a corporation with reference to a judgment against the corporation obtained by such director has the burden of proof, where the charges are denied by the answer.

*Off* v. *Jack*, 104 Ill. App. 655, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Tazewell county; the Hon. L. D. PUTERBAUGH, Judge, presiding.

ARTHUR KEITHLEY, for appellants.

WILLIAM JACK, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a bill to enjoin the collection of a judgment, filed in the Tazewell circuit court by appellants, against appellees.

The bill alleges that a corporation known as the Wesley Coal Company, of Peoria, had become insolvent and ceased to do business for more than two years, and that its property had been sold under foreclosure proceedings; that the company had failed to redeem within a year after the sale; that several judgments had been taken against it, two of which had been assigned to appellants; that appellee William Jack, who was a director of the corporation, by fraud and collusion with one John R. Hillyard, its president, for the purpose of unlawfully

advancing his interests and giving him a preference over other creditors, obtained a judgment against the Wesley Coal Company, which was next in point of time to the first judgment held by complainants and prior to their second judgment; that the property of the company was to be sold under their first judgment within a few days, and that the defendant Jack would either bid at the sale, under appellants' first judgment, enough to satisfy the amount of that execution and his judgment, or would redeem from the sale, so that complainants would not be able to realize anything on their second judgment without first having to pay the fraudulent judgment of the defendant. The prayer is for an injunction restraining the defendant from proceeding upon his judgment. A temporary injunction was granted on the bill. The defendants afterwards filed an answer admitting the material allegations of the bill, except the alleged fraud in obtaining said judgment and the want of consideration therefor, which latter allegations were expressly denied. To these answers a replication was duly filed. Subsequently a motion was made to dissolve the injunction, upon the hearing of which it seems to have been stipulated by the parties "that the merits of the case were as set up in the bill and answer," and it was agreed that "upon the hearing of the motion to dissolve the temporary injunction in said cause granted, the entire merits of the cause were then and there heard and determined." The injunction was dissolved and the bill dismissed for want of equity. The evidence, if any was heard, is not preserved in the record. The Appellate Court affirmed the decree of the circuit court, and appellants prosecute this appeal.

Whether the service of summons in the suit of Jack against the company was obtained by collusion with the president, and whether there was a want of lawful consideration for the judgment obtained by appellee Jack, as alleged in the bill, were questions of fact put in issue by the answer, the burthen of proving which was upon

appellants. In the absence of proof to sustain those averments of the bill, the circuit court could do nothing less than it did,—that is, hold that the allegations of fraud and of no consideration were not sustained.

But counsel contends that Jack, being a director of the corporation at the time he obtained his judgment against it, could not obtain a preference to himself over other creditors of the company. There is nothing in this record, as we understand it, to show that he is in any way attempting to obtain an unlawful preference over other creditors of the corporation. His judgment being obtained in good faith upon a *bona fide* indebtedness, he certainly had the right to pursue the remedies afforded him by the law for the collection of the same. A director of a corporation may loan it money or render it services and maintain an action against it therefor. (*Beach* v. *Miller*, 130 Ill. 162; *Mullanphy Savings Bank* v. *Schott*, 135 id. 655; *Illinois Steel Co.* v. *O'Donnell*, 156 id. 624.) It is true, an insolvent corporation cannot prefer a creditor who is at the time an officer thereof, because upon the company becoming insolvent the officers hold the relation of trustees to its creditors, and they are not permitted to take advantage of their official relation in order to secure to themselves a preference. There is nothing in this case, however, to show any such conduct on the part of the corporation, nor, as we have said, is there any allegation in the bill, much less proof, tending to show that appellee Jack was, at the time the bill was filed, attempting to do anything which he had not a clear legal right to do.

Without reference to the point made by the appellees that at the time Jack obtained his judgment the corporation had ceased to have any interest in the property here involved, its rights having been cut off by its failure to redeem, and therefore no trust relation could exist in him, we think, for the reasons stated, the judgment of the Appellate Court is clearly right and must be affirmed.

*Judgment affirmed.*